ACCEPTED
12-15-00168-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/15/2015 2:18:50 PM
Pam Estes
CLERK

# IN THE COURT OF APPEALS
## TWELFTH APPELLATE DIVISION
## STATE OF TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/15/2015 2:18:50 PM
PAM ESTES
Clerk

| | | |
|---|---|---|
| **TAZZIE MAE GRAY,** | § | |
| APPELLANT | § | |
| | § | |
| v. | § | No. 12-15-00168-CR |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

**FILED**

9/15/2015

Twelfth Court of Appeals
Pam Estes
Clerk

_____

## APPELLANT'S BRIEF

_____

On appeal from Cause Number F1118811
in the 145th District Court, Nacogdoches County, Texas
Honorable Judge Campbell Cox Presiding

Respectfully submitted,

Dean Watts
Attorney for Appellant
SBN # 24003143
120 East Pilar Street
Nacogdoches, Texas 75961
(936) 559-9288
Fax (936) 559-0959

## IDENTITY OF PARTIES & COUNSEL

**Appellant** ........................................................ Tazzy Mae Gray

Dan Simmons
TRIAL COUNSEL

Dean Watts
APPELLATE COUNSEL

**Appellee** ........................................................The State of Texas

Nicole Lostracco
TRIAL & APPELLATE COUNSEL

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.............................................................................i

INDEX OF AUTHORITIES ....................................................................................iii

STATEMENT OF THECASE ................................................................................. 1

ISSUE PRESENTED ........................................................................................... 1

STATEMENT OF THE CASE……………………………………………………1

SUMMARY OF THE ARGUMENT ...................................................................... 1

ARGUMENT.........................................................................................................2

PRAYER FOR RELIEF.................................................... ................................2

CERTIFICATE OF SERVICE ……………………………………………………...3

# INDEX OF AUTHORITIES

**Page:**

**Case Law:**

*Anders v. California, 386 U.S. 738 (1967)*………………………..........................2

iii

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

COMES NOW the Appellant in this cause, by and through his attorney of record, Dean Watts, and pursuant of the provisions of TEX.R.APP.PRO. 38, *et seq.*, files this brief on appeal.

## STATEMENT OF THE CASE

On August 16, 2012, the Appellant pled guilty to the offense of unlawful restraint: exposure to serious bodily injury, a second degree felony, and was sentenced to ten years probated for ten years. On June 11, 2015, Appellant pled true to violating the terms of her probation. (Vol.1, p.6, 8). On the same day, the Court found the Appellant to have violated her probation and sentenced her to confinement for a term of 10 years (Vol.1, p.42). The Appellant timely filed a notice of appeal on June 15, 2015.

## STATEMENT OF FACTS

On June 11, 2015, a probation revocation hearing was held in which the Appellant pled true to violating her probation by failing to report, violating her curfew, drinking alcohol, failing to attend mental health care appointments, and failing to pay probation fees, costs, and fines. (Vol.1 p. 6, 8, 14).  A subsequent punishment hearing was held in which the Appellant was sentenced to 10 years imprisonment (Vol.1, p.42). There were no substantive objections during the hearing.

## SUMMARY OF THE ARGUMENT

After a careful review of the record, it appears to Appellate Counsel that there does not seem be errors that could support an appeal in this case. In such cases as this, it

1

is the duty of Appellate Counsel to inform the Court that in Counsel's opinion, no good faith basis for appeal exists and Appellate Counsel now so informs the Court.

## ARGUMENT

The Appellant pled true at her probation revocation hearing to violating her probation, so there were no legal issues regarding the evidence of Appellant's probation being violated. (Vol. 1, p. 6, 8, 14). Therefore, the only issues that could be appealed would involve error at the punishment phase of trial.

At the punishment hearing, a probation officer testified about Appellant's various probation violations (Vol.1, p. 7-21). A second probation officer testified about her curfew violations (Vol, p. 21-23. A Burke Center employee testified about the Appellant's failure for mental health treatment (Vol.1, p. 23-25).The Appellant testified about the allegations, and told the Court about mitigating circumstances surrounding those violations (Vol.1, p. 26-37). There were no objections from either side regarding this testimony. At the conclusion of the hearing, the Court gave the Appellant a ten year sentence, which was within the legal punishment range for her case (Vol 1, p. 42). As such, there does not appear to be any valid legal errors which could be raised at the punishment phase of Appellant's trial.

Consequently, after a careful review of the record, Counsel finds nothing that "might arguably support the appeal". *Anders v. California*, 386 U.S. 738 (1967).

## PRAYER

2

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause to afford Appellant his right to file any pro se brief he may wish to file.

Respectfully submitted,

/s/ Dean Watts
Dean Watts
Attorney for the Appellant
SBN 24003143
120 East Pilar Street
Nacogdoches, Texas 75961
(936) 559-9288
Fax (936) 559-0959

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been provide by electronic delivery to the Attorney for the State at 101 West Main Street, Nacogdoches, Texas 75961, and by mail to Tazzie Mae Gray, Appellant, TDCJ #02003574 at 904 FM 686; Dayton, TX 77535 , on September 15, 2015.

/s/ Dean Watts
Dean Watts
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that the total number of words in this document are 802 words.

/s/ Dean Watts
Dean Watts
Attorney for Appellant